UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSICA A. GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:17-cv-01212-RLY-TAB |
| | ) | |
| INDIANA STATE PERSONNEL | ) | |
| DEPARTMENT, | ) | |
| JON DARROW, | ) | |
| JOHN F. BAYSE, | ) | |
| MATTHEW A. BROWN, | ) | |
| BRUCE BAXTER, and | ) | |
| BRUCE LEMMON, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Defendants, Indiana State Personnel Department ("ISPD"), Jon "Denny" Darrow, John F. Bayse, Matthew A. Brown, Bruce Baxter, and Bruce Lemmon ("Individual Defendants") (collectively "Defendants"), move to dismiss the Amended Complaint filed by the *pro se* Plaintiff herein, Jessica Gibson, for failure to state a claim upon which relief can be granted. For the reasons explained below, the court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss.

**I.    Background**

In February 2015, Plaintiff was hired by the ISPD as the Director of Human Resources of the Indiana Department of Correction ("DOC"). (Filing No. 18, Am. Compl. ¶ 17). Due to familial and work-related stress and depression, Plaintiff took leave under the Family Medical Leave Act from April 18, 2016, to May 23, 2016. (*Id.* ¶ 41-

1

42). On the day she returned, she was advised her employment was terminated. (*Id.* ¶ 45). She now brings claims against the ISPD and the Individual Defendants, in their individual and official capacities, for alleged violations of the Americans with Disabilities Act, 29 U.S.C. § 12101, ("ADA"), the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, Title VII of the Civil Rights Act of 1964 ("Title VII"), the Family Medical Leave Act, 29 U.S.C. § 28, ("FMLA"), and the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.

## II. Standard of Review

Defendants bring their Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), which authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555. The court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).

**III. Discussion**

Defendants move to dismiss Plaintiff's Complaint on multiple grounds. The court will begin with Defendants' argument that Plaintiff's claims against the Individual Defendants exceed the scope of her Equal Employment Opportunity Commission ("EEOC") charge of discrimination.

**A. Individual Liability**

**1. Scope of the Charge**

Defendants first argue Plaintiff's claims against the Individual Defendants should be dismissed because, with the exception of John Bayse, they were not named in her EEOC charge of discrimination.

Generally, "[a] party not named as the respondent in the charge may not ordinarily be sued in a private civil action under Title VII." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013). An exception to this general rule exists "where the 'unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance[.]' " *Id.* (quoting *Eggleston v. Chi. Journeymen Plumbers' Local Union No. 130*, 657 F.2d 890, 905 (7th Cir. 1981)). To effectuate the remedial purposes of the anti-discrimination laws, courts construe EEOC charges with "utmost liberality"; thus a plaintiff may join all parties sufficiently named or alluded to in the factual statement of an EEOC charge. *Id.* at 906.

Plaintiff's EEOC charge was filed against the State of Indiana. The body of her charge named the Department of Corrections and Bayse. (Filing No. 20-1, EEOC charge

3

of discrimination). Plaintiff alleges in her EEOC charge that Bayse, who is the ISPD Deputy Director and acted as her supervisor, terminated her employment. (*See* EEOC charge). Bayse, who was actually named in the EEOC charge as the individual who terminated her, would have had notice of the charge. There is no mention of the other defendants in her EEOC charge. Therefore, Individual Defendants Jon Darrow, Matthew A. Brown, Bruce Baxter, and Bruce Lemmon, must be dismissed.

### 2. Claims Against the Individual Defendants

In the alternative, Defendants argue Plaintiff's individual capacity claims against the Individual Defendants under the ADA, Rehabilitation Act, and Title VII[1] are barred because they do not meet the definition of an "employer" within the meaning of those statutes. Defendants are correct. *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) (holding that a supervisor, in his individual capacity, does not fall within Title VII's definition of employer); *E.E.O.C. v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995) (holding "that individuals who do not otherwise meet the statutory definition of 'employer' cannot be liable under the ADA"); *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) (no individual liability under the ADA or Rehabilitation Act).

In addition, Plaintiff has alleged ADA claims against the ISPD and the Individual Defendants in their official capacities. The court agrees with Defendants that Plaintiff's ADA claims against the Individual Defendants in their official capacities are redundant

---

[1] Plaintiff's Title VII claim is alleged individually only against Bayse.

because they are the equivalent of suing the ISPD. *Stanek v. St. Charles Cmty. Sch. Dist. No. 303*, 783 F.3d 634, 644 (7th Cir. 2015) (noting that "[t]he district court correctly dismissed these defendants in their official capacity because the Staneks also sued the District").

Defendants also argue the individual capacity claims against the Individual Defendants under the FMLA must be dismissed because the text of the statute does not provide for individual liability against public agency employees. This issue has not been decided by the Supreme Court or the Seventh Circuit. The Sixth and Eleventh Circuits have held that the FMLA's individual liability provision in 29 U.S.C. § 2611(4)(A)(ii) does not extend to public agencies. *Mitchell v. Chapman*, 343 F.3d 811, 829 (6th Cir. 2003); *Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999). The Third, Fifth, and Eighth Circuits have held that the FMLA permits individual liability against supervisors at public agencies. *Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir. 2012); *Modica v. Taylor*, 465 F.3d 174, 187 (5th Cir. 2006); *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002).

In considering whether the Individual Defendants may be sued individually under the FMLA, the court begins with the text itself. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989). The text of the FMLA's definition of "employer" provides:

> The term "employer"—
>
> (i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

(ii) includes—

(I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

(II) any successor in interest of an employer;

(iii) includes any "public agency", as defined in section 203(x) of this title; and

(iv) includes the Government Accountability Office and the Library of Congress.

29 U.S.C. § 2611(4).

A plain reading of the text of the FMLA persuades the court that supervisory government employees may qualify as "employers" under the FMLA, and thus can be sued individually. The FMLA indicates a relationship between § 2611(4)(ii)-(iv) as inseparable parts of the definition of "employer." The term "employer" "means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees" and "includes" "any person who acts, directly or indirectly, in the interest of an employer" and "public agenc[ies]." § 2611(A)(ii)-(iv). Therefore, because the definition of "employer" includes public agencies, and the statute provides that an employer may include individuals, it follows that an individual supervisor at a public agency may be held liable. The court's holding is not only in line with the Third, Fifth, and Eighth Circuits, *supra.*, but also the district courts in this circuit. *Cooley v. Bd. of Educ. Of the City of Chi.*, 703 F. Supp. 2d 772, 775 (N.D. Ill. 2009); *Barnes v. LaPorte Cty.*, 621 F. Supp. 3d 642, 645 (N.D. Ind. 2008); *Rasic v. City of Northlake*, 563 F. Supp. 2d 885, 890 (N.D. Ill. 2008); *McGee v. City of Chi.*, No. 11 C

2512, 2011 WL 4382484, at *8 (N. D. Ill. Sept.16, 2011); *Plaxico v. Cook Cty.*, No. 10 C 272, 2010 WL 3171495, at *5 (N. D. Ill. Aug.11, 2010); *Austin v. Cook Cty*., No. 07 C 3184, 2009 WL 799488, at *3 (N.D. Ill. March 25, 2009). Accordingly, the Individual Defendants may be held individually liable under the FMLA. However, because Individual Defendants Darrow, Brown, Baxter, and Lemmon were not named in Plaintiff's EEOC charge of discrimination, at this juncture, only Bayse may be sued individually under the FMLA.

B.      Section 1983 Claims

Defendants argue Plaintiff's Section 1983 claims against the ISPD and the Individual Defendants in their official capacities must be dismissed because they are not "persons" within the meaning of the statute. Defendants are correct. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989).

In addition, Defendants argue Plaintiff's Section 1983 claims against the Individual Defendants in their individual capacity must be dismissed because she failed to specifically identify how any of the Individual Defendants violated her constitutional rights. Instead, she asserts that "Defendants deprived [her] of her federal constitutional and/or statutory rights when they failed to accommodate her disability, discriminated against her when they decided not to place her in another position, and they retaliated against her when they terminated her employment." (Am. Compl. ¶ 89). These vague and conclusory allegations fail to give the Individual Defendants sufficient notice of how their *individual actions* violated Plaintiff's constitutional rights. Accordingly, Plaintiff's Section 1983 claims must be dismissed.

C.    **Other Requests for Relief**

According to Defendants, many of Plaintiff's requests for relief are unavailable to her. These include (1) damages from ISPD under the ADA or FMLA; (2) punitive damages from ISPD under the ADA or Rehabilitation Act; or (3) emotional or punitive damages under the FMLA. Plaintiff represents she is not requesting those forms of relief. Therefore, to the extent her Amended Complaint prays for those forms of relief, Defendants' motion is **GRANTED**.

Additionally, Plaintiff seeks relief from "negative tax consequences." (Am. Compl. at 23). In her Response, Plaintiff explains that because she was terminated, she was forced to do an early withdraw of her 401(k) retirement fund to pay for debts. Generally, early withdrawal of a 401(k), prior to the age of 59 ½, is taxed as ordinary income and is subject to a 10% early distribution federal tax penalty. *See* Fidelity, Beware of cashing out a 401(k), (Dec. 5, 2017), https://www.fidelity.com/viewpoints/retirement/cashing-out. Defendants argue Plaintiff lacks standing to ask the court for this form of relief.

In *E.E.O.C. v. N. Star Hosp., Inc.*, 777 F.3d 898 (7th Cir. 2015), the Seventh Circuit joined the Third and Tenth Circuits in affirming a tax-component award to offset the increased tax burden she will incur as a result of receiving a back pay award under Title VII. *Id.* at 904 ("Put simply, without the tax-component award, he will not be made whole, a result that offends Title VII's remedial scheme."); *see also Eshelman v. Agere Sys., Inc.*, 554 F.3d 426, 441-42 (3d Cir. 2009) (holding a district court may award a prevailing ADA plaintiff "an additional sum of money to compensate for the increased

8

tax burden a back pay award may create"). Here, Plaintiff seeks compensatory damages, front and back pay. Plaintiff's claim for the 10% penalty she will incur as a result of withdrawing money from her 401(k) retirement fund is an element of compensatory damages. Therefore, if she prevails on her Title VII, ADA, and Rehabilitation Act claims, she is entitled to seek a tax-component award for not only the 10% penalty, but also for any front or back pay award she may receive.

## IV. Conclusion

Defendants' Motion to Dismiss is **GRANTED in part** and **DENIED in part**. Their Motion is **GRANTED** with respect to:

(1) the official capacity claims against the Individual Defendants under the ADA;

(2) the individual capacity claims against the Individual Defendants under the ADA and Title VII;

(3) the individual capacity claims against Individual Defendants Darrow, Brown, Baxter, and Lemmon under the FMLA;

(4) the individual and official capacity claims against the Individual Defendants under Section 1983;

(5) the claim against the ISPD under Section 1983;

(6) any claim for damages against the ISPD under the ADA or FMLA;

(7) any claim for punitive damages from ISPD under the ADA or Rehabilitation Act; and

(8) any claim for emotional and punitive damages under the FMLA.

9

Defendants' Motion to Dismiss is **DENIED** with respect to:

(1) Plaintiff's ADA, Rehabilitation Act, Title VII, and FMLA claims against the ISPD;

(2) Plaintiff's FMLA individual capacity claim against Bayse;

(3) Plaintiff's request for a tax-component award in the event she prevails.

Plaintiff is **GRANTED** leave to amend her Amended Complaint to plead additional facts that plausibly suggest that Individual Defendants Darrow, Brown, Baxter and Lemmon received notice of the charge of discrimination, and to specify how the Individual Defendants violated her Fourteenth Amendment rights under Section 1983.

**SO ORDERED** this 12th day of December 2017.

                                            _____
                                            RICHARD L. YOUNG, JUDGE
                                            United States District Court
                                            Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Copy to Plaintiff via U.S. Mail:

Jessica A. Gibson
6159 Knyghton Road
Indianapolis, IN  46220