UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSICA A. GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | No. 1:17-CV-01212-RLY-TAB |
| INDIANA STATE PERSONNEL DEPARTMENT, *et al.*, | ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION FOR LEAVE
TO FILE A THIRD AMENDED COMPLAINT**

Before the Court is Plaintiff Jessica Gibson's motion for leave to file a third amended complaint. [Filing No. 73.] In April 2017, Plaintiff Jessica Gibson filed her initial complaint [Filing No. 1] alleging discrimination under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Rehabilitation Act, and the Family Medical Leave Act. Gibson alleges that she is a qualified Hispanic female with a history of disability as defined under the ADA. Defendants filed a motion to dismiss, claiming that Gibson failed to state a claim upon which relief can be granted. [Filing No. 10.] In July 2017, Gibson filed her first amended complaint [Filing No. 18], prompting Defendants to file another motion to dismiss. [Filing No. 19.] In December 2017, the Court granted Gibson leave to amend a second time so that she could "plead additional facts that plausibly suggest that Individual Defendants . . . received notice of the charge of discrimination." [Filing No. 31, at ECF p. 10.] In February 2018, Gibson filed her second amended complaint. [Filing No. 47.]

In March 2018, Defendants filed a motion for partial dismissal of Gibson's second complaint, alleging she did not include the additional facts mentioned above. This motion still pends. [Filing No. 53.] Notably, the deadline to amend the pleadings was September 18,

2017—more than nine months before Gibson's current motion for leave to amend. As discussed below, the Court finds she did not show good cause for the delay and denies her motion.

Gibson argues that as an unrepresented party, she has made every effort to cure prior deficiencies. Specifically, she argues that she is not attempting to cause undue delay, filing in bad faith, or prejudicing Defendants. Instead, she contends, her failure to cure prior deficiencies is a result of significant hardships in her personal life. Defendants argue that Gibson has not shown good cause for filing a third amended complaint.

Federal Rule of Civil Procedure 15(a)(2) provides that the Court should freely grant leave to amend the pleadings "[w]hen justice so requires." However, Rule 16(b)(4) provides that a party seeking leave to amend the pleadings after the deadline set in the scheduling order must show "good cause" for modifying the deadline. *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (noting "some tension" between the generous standard in Rule 15 and the good cause requirement in Rule 16); *see also* Fed. R. Civ. P. 6(b)(1)(B) (requiring a showing of "good cause" and "excusable neglect"[1] to extend a deadline after it expires). A good cause determination "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

Gibson lacked diligence in amending the pleadings and does not show good cause. The deadline for amending the pleadings passed more than nine months ago. While the personal hardships Gibson cites limited her time to attend to this matter, a nine-month delay is excessive. *See*, *e.g.*, *Bell v. Tayor*, 827 F.3d 699, 706 (7th Cir. 2017) (opining that plaintiff did not show

---

[1] The Court notes that there is some precedent that uses the excusable neglect standard, but those cases primarily involve an extension for discovery deadlines. *See, e.g.*, *Brosted v. Unum Life Ins. Co.*, 421 F.3d 459, 464 (7th Cir. 2005). In this instance, the distinction is immaterial since Gibson cannot even satisfy the more forgiving good cause standard.

good cause to amend the pleadings eight months after the deadline). Moreover, despite Gibson's status as an unrepresented party, she received explicit instructions from the Court to "plead additional facts that plausibly suggest that Individual Defendants . . . received notice of the charge of discrimination." [Filing No. 31, at ECF p. 10.] Gibson has had prior opportunities to plead those additional facts, which weighs against granting her motion. *Adams*, 742 F.3d at 734. Additionally, nothing in Gibson's amendment suggests that she is seeking to add new defendants or add additional claims.

Moreover, at the time Gibson filed her original complaint, she knew about the information she now seeks to add, but she failed to include it despite prior opportunities to do so. Doing so now would prejudice the Defendants for several reasons. First, Gibson has already been deposed, and any effort to depose her again would be difficult because of her relocation from Indiana to California on June 18, 2018. [Filing No. 74-1, at ECF p. 1]; *see Trustmark*, 424 F.3d at 546 (affirming district court decision that plaintiff failed to show good cause because a nine-month late amendment necessitating more discovery would prejudice the defendant). Second, Defendants' motion to dismiss, which has been pending since March 2018, is fully briefed and awaiting resolution. Last, the liability discovery deadline has expired.

Accordingly, the Court denies Gibson's motion for leave to amend. [Filing No. 73.]

Date: 07/11/2018

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

By US mail:
JESSICA A. GIBSON
514 Americas Way PMB 9091
Box Elder, SD 57719

By email:
David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Elizabeth Marie Littlejohn
INDIANA ATTORNEY GENERAL
elizabeth.littlejohn@atg.in.gov

Rebecca L. Loeffler
INDIANA ATTORNEY GENERAL
rebecca.loeffler@atg.in.gov