UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESSICA A. GIBSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-01212-JPH-TAB |
| INDIANA STATE PERSONNEL DEPARTMENT, JON DARROW a/k/a DENNY, JOHN F. BAYSE, MATTHEW A. BROWN, BRUCE BAXTER, BRUCE LEMMON, | ) |
| Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Plaintiff Jessica Gibson brought this lawsuit alleging interference with her FMLA rights and wrongful termination of her employment. Defendants have filed a motion for partial dismissal under Federal Rule of Civil Procedure 12(b)(6). Dkt. [53]. For the reasons that follow, that motion is **GRANTED in part and DENIED in part**.

**I.
Factual and Procedural History**

Because Defendants have moved for dismissal under Rule 12(b)(6), the Court "accept[s] the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago,* 671 F.3d 611, 616 (7th Cir. 2011).

Plaintiff began working as a human resources director for the Indiana State Personnel Department ("ISPD") in February 2015. Dkt. 47 at 3 ¶ 18.

1

Later that year, she became a foster parent to three children and her parents moved into her home because of her stepfather's serious health condition. Dkt. 47 at 3 ¶¶ 19–21. Those family developments became a source of frustration and affected Plaintiff's mental and physical health. Dkt. 47 at 3–4 ¶¶ 23–24.

Plaintiff began to talk to her supervisors and coworkers about these frustrations and their effects on her health—and she told her supervisor, Defendant John Bayse, that she needed time off. Dkt. 47 at 3–5, 7 ¶¶ 23, 28–29, 34–35. Finally, in April 2016, she informed Defendant Bayse that she would be taking FMLA leave. Dkt. 47 at 9 ¶ 42.

That FMLA leave began on April 18, 2016 and ran through May 23, 2016. Dkt. 47 at 9 ¶ 43. When Plaintiff returned to work on May 23, her employment was terminated. Dkt. 47 at 10 ¶ 46. Initially, Plaintiff was told only that the termination was due to broken trust. Dkt. 47 at 10 ¶ 46. Later, as she worked through an unemployment claim, ISPD told her that she had "been racist toward one of her subordinate employees" and had violated policy. Dkt. 47 at 11–12 ¶ 50.

Believing that she had been discriminated against, Plaintiff obtained a right to sue letter from the EEOC in February 2017. Dkt. 47 at 2 ¶ 10. She then filed her first complaint pro se in this Court in April 2017, alleging that Defendants discriminated and retaliated against her in violation of The Americans with Disabilities Act ("ADA"), The Rehabilitation Act, The Family Medical Leave Act ("FMLA"), Title VII of the Civil Rights Act of 1964, and 42 U.S.C. section 1983. Dkt. 1. Defendants moved to dismiss for failure to state

a claim, dkt. 10, and Plaintiff responded with an amended complaint, dkt. 18. Defendants again moved to dismiss for failure to state a claim. Dkt. 19. The Court granted that motion in part and denied it in part. Dkt. 31.

Following that partial dismissal, Plaintiff filed a second amended complaint, dkt. 47, alleging: (1) FMLA interference and retaliation claims, dkt. 47 at 15–16; (2) an ADA claim, dkt. 47 at 16–17; (3) a 42 U.S.C. section 1983 claim, dkt. 47 at 24–25; (4) a Title VII claim, dkt. 47 at 24–25; and (5) an Indiana Code Title 22 claim, dkt. 47 at 25–26. That complaint names six defendants—ISPD and five individuals—and seeks multiple forms of relief. Dkt. 47 at 26.

Defendants have filed a motion for partial dismissal of the second amended complaint for failure to state a claim, dkt. 53, which the Court now grants in part and denies in part.

## II.
## Legal Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. Pro. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

When ruling on a 12(b)(6) motion, the court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

## III.
## Discussion

Defendants' motion to dismiss raises four arguments: (1) Plaintiff's FMLA interference and retaliation claims should be dismissed as to all defendants; (2) Plaintiff's Title VII and ADA claims should be dismissed as to the individual defendants; (3) Plaintiff's Indiana-law claim under Indiana Code Title 22 should be dismissed in its entirety; and (4) certain claims for punitive and emotional damages should be dismissed because they are not available under the respective statutes.

The Court addresses each argument in turn.

## A.
## FMLA interference claim

"The FMLA makes it unlawful for an employer to interfere with an employee's attempts to exercise any FMLA rights." *Burnett v. LFW Inc.*, 472 F.3d 471, 477 (7th Cir. 2006) (citing 29 U.S.C. § 2615(a)(1)). To prevail on an FMLA interference claim, the employee must show: "(1) she was eligible for the FMLA's protections, (2) her employer was covered by the FMLA, (3) she was entitled to take leave under the FMLA, (4) she provided sufficient notice of her intent to take leave, and (5) her employer denied her FMLA benefits to which

4

she was entitled." *Goelzer v. Sheyboygan Cty., Wis.*, 604 F.3d 987, 993 (7th Cir. 2010).

Defendants argue that Plaintiff's second amended complaint fails to allege the fourth element: that she provided sufficient notice of her intent to take FMLA leave. Dkt. 54 at 3–5. To provide sufficient notice, an employee must provide enough information to tell the employer that the FMLA may apply. *Burnett*, 472 F.3d at 478–79. This requirement is "not onerous" and the employee "need not expressly mention the FMLA." *Id.*; *see Collins v. NTN-Bower Corp.*, 272 F.3d 1006, 1008 (7th Cir. 2001) ("[F]irms should be able to figure out for themselves the legal rules governing leave, once they know that a serious medical condition or family situation is ongoing . . . .").

As to Defendant Bayse, Plaintiff alleges that she told him about her family situations, dkt. 47 at 4 ¶¶ 25–26, and her own health challenges, including "that she wasn't feeling well, that she was under a doctor's care and that she hadn't been sleeping," dkt. 47 at 3 ¶ 23; that she was stressed and depressed and needed to take vacation time off, dkt. 47 at 3–5 ¶¶ 23, 28; that she could not wait for time off, dkt. 47 at 5 ¶ 29; and "that she was going to be admitted to the St. Vincent Stress Center's intensive outpatient program," dkt. 47 at 8 ¶ 40.

These statements were sufficient to alert Defendant Bayse—and thus ISPD—to both the seriousness of her condition and her need for leave, which is enough to provide sufficient FMLA notice. *See Pagel v. TIN Inc.*, 695 F.3d 622,

5

628 (7th Cir. 2012); *Burnett,* 472 F.3d at 480; *see also Nicholson v. Pulte Homes Corp.,* 690 F.3d 819, 826 (7th Cir. 2012).

Defendants argue that those allegations are insufficient because Plaintiff, as a human resources director, should have made a specific FMLA leave request. While the context of an employee's comments is relevant, Defendants cite no authority showing that an employee's position in HR imposes a heightened notice standard. The law is clear that to provide notice sufficient to trigger an employer's obligation under the FMLA, the employee does not have to expressly mention the FMLA or make an FMLA-specific request. *See, e.g.*, *Pagel,* 695 F.3d at 628; *Burnett,* 472 F.3d at 478–79.

Defendants also argue that Plaintiff's claim against ISPD should be dismissed as duplicative of her claims against the individual defendants. Dkt. 54 at 6–7. This argument fails because Plaintiff is suing the individual defendants in their individual—not official—capacities. Dkt. 47 at 1 ¶ 2, 15 ¶ 67; dkt. 31 at 5–7; *see generally Eppinger v. Caterpillar Inc.,* 682 Fed. App'x 479, 481 (7th Cir. 2017); *Plaxico v. Cty. of Cook,* No. 10 C 272, 2010 WL 3171495 (N.D. Ill. Aug. 11, 2010). Individual-capacity suits are not redundant with claims against a government employer because only official-capacity suits "are deemed suits against the states themselves." *Luder v. Endicott,* 253 F.3d 1020, 1024 (7th Cir. 2001); *see also Rasic v. City of Northlake,* 563 F. Supp. 2d 885, 892 n.5 (N.D. Ill. 2008); *Alcazar-Anselmo v. City of Chi.,* No. 07 C 5246, 2008 WL 1805380, at *2 (N.D. Ill. Apr. 18, 2008).

6

Plaintiff next alleges that she told Defendants Baxter and Brown "about the placement of foster children in her home and the extenuating circumstances around them," and that these Defendants "were also aware of her stepfather's serious health condition." Dkt. 47 at 10 ¶ 47. But she does not allege that she made statements to them like those she made to Defendant Bayse about her own health issues and need for leave. *See* dkt. 47 at 3–8 ¶¶ 23, 25–26, 28–29, 40. Plaintiff also admits in her response brief that she "did not ask"—and "would not have directly asked"—"either Defendants Baxter or Brown for time off or provide them with notice that she was requesting leave." Dkt. 72 at 4.

While the information that Plaintiff provided to Defendants Baxter and Brown alerted them to the seriousness of her family situations, it did not provide "notice that [Plaintiff] needed medical leave." *Nicholson*, 690 F.3d at 827. Indeed, because Plaintiff only told these Defendants about the children in her home and about her stepfather, "the need for FMLA leave was not as obvious" as it would have been if the medical needs were Plaintiff's own. *Id.* Plaintiff's second amended complaint also contains no allegation that these Defendants "did anything to deny or otherwise interfere with [Plaintiff's] right to FMLS benefits." *Id.* To the contrary, Defendant Baxter "even asked Plaintiff [if] she was doing [all right] because of these issues," dkt. 47 at 10 ¶ 47. Plaintiff has therefore not alleged that these Defendants had sufficient notice. *See Nicholson*, 690 F.3d at 827 (finding insufficient notice that the employee needed

7

time off given no pattern of communication about health concerns and no current leave requests).

The same conclusion holds for Defendants Darrow and Lemmon, because Plaintiff does not allege any statements to these defendants like those she made to Defendant Bayse about her health issues and need for leave. *See* [dkt. 47 at 3](#)–8 ¶¶ 23, 25–26, 28–29, 40. In fact, she admits in her response brief that she "did not allege that she requested leave 'in any way' from Defendants Lemmon or Darrow." [Dkt. 72 at 3](#); *see Nicholson,* 690 F.3d at 827.

Plaintiff's FMLA interference claim is thus dismissed as to Defendants Baxter, Brown, Darrow, and Lemmon, but will proceed against Defendants ISPD and Bayse.

## B.
## FMLA retaliation claim

The FMLA "also forbids an employer from retaliating against an employee who exercises FMLA rights." *Burnett,* 472 F.3d at 477 (citing 29 U.S.C. § 2615). "A retaliation claim requires proof of discriminatory or retaliatory intent, which can be established directly or indirectly. Under the direct method of proof, the plaintiff must have sufficient evidence, direct or circumstantial, that her employer intended to punish her for requesting or taking FMLA leave." *Nicholson,* 690 F.3d at 828 (citations omitted).

A direct retaliation claim can be alleged though "a convincing mosaic of circumstantial evidence," which "may include suspicious timing, ambiguous statements from which a retaliatory intent can be drawn, evidence of similar employees being treated differently, or evidence that the employer offered a

pretextual reason for the termination." *Pagel*, 695 F.3d at 631. Plaintiff's second amended complaint alleges a retaliation claim under at least this direct method—which is enough to avoid dismissal for failure to state a claim.

For suspicious timing, Defendant Darrow, with Defendant Bayse present, told Plaintiff on May 23, 2016—the same day she returned from FMLA leave—that she was being terminated. Dkt. 47 at 10 ¶ 46. That timing "is suspicious, of course." *Tibbs v. Admin. Office of the Ill. Courts*, 860 F.3d 502, 505 (7th Cir. 2017).

For ambiguous statements, Plaintiff was told in response to her health and family concerns that it was not a good time for her to take time off. Dkt. 47 at 3, 5 ¶¶ 23, 29. Then, when she told Defendant Bayse that she would be taking FMLA leave, "he hung his head down and said 'uhh.....ok' and asked when it was supposed to start." Dkt. 47 at 9 ¶ 42. Those ambiguously unsupportive statements can support Plaintiff's retaliation claim since "employers have taught their supervisory employees not to put discriminatory beliefs or attitudes into words." *Troupe v. May Dept. Stores*, 20 F.3d 734, 736 (7th Cir. 1994); *see also Goelzer*, 604 F.3d at 997 (denying summary judgment on an FMLA retaliation claim in part because of negative comments about a plaintiff's FMLA use).

For evidence of a pretextual reason for the termination, when Plaintiff was terminated, Defendants Darrow and Bayse refused to give a reason—even when pressed—except that she had broken ISPD's trust. Dkt. 47 at 10 ¶ 46. This lack of an explanation can tend to prove that the "proffered reasons are

9

factually baseless, were not the actual motivation for the discharge in question, or were insufficient to motivate the discharge." *Tank v. T-Mobile USA, Inc.*, 758 F.3d 800, 808 (7th Cir. 2014); *see King v. Preferred Tech. Grp.*, 166 F.3d 887, 894 (7th Cir. 1999) (finding evidence of retaliation when the employer noted missing doctor's slips but never told the plaintiff which slips were missing so they could be provided).

Also, Plaintiff was told after her termination that it was because she had been racist toward a subordinate and "had violated a policy." Dkt. 47 at 11–12 ¶ 50. But she had never before been given that reason. Dkt. 47 at 12 ¶ 52. That shifting explanation "could demonstrate that [the] explanation for her termination was, at a minimum, disingenuous." *King*, 166 F.3d at 894. Plaintiff also alleges that ISPD failed to follow the policy's requirement that ISPD investigate and inform Plaintiff of the investigation. Dkt. 47 at 13 ¶ 54; *see Lewis v. Sch. Dist. #70*, 523 F.3d 730, 743 (7th Cir. 2008) (noting that an employer's "fail[ure] to follow its own procedures . . . could suggest a discriminatory motivation").

Finally, for similar employees being treated differently, Plaintiff alleges that a "non-disabled HR Director with the same reporting structure in a similar role" was accused of violating the same ISPD policy but did not receive any discipline. Dkt. 47 at 13 ¶ 55. Plaintiff has thus alleged that another human resources director "did not take leave and was not terminated for" the same policy reason. *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 635 (7th Cir. 2009); *see Eaton v. Ind. Dept. of Corr.*, 657 F.3d 551, 556 (7th Cir. 2011).

10

These allegations, "none conclusive in itself but together composing a convincing mosaic," *Hasham v. Cal. State Bd. of Equalization,* 200 F.3d 1035, 1044 (7th Cir. 2000), are enough to prevent dismissal of the retaliation claim against ISPD.

Defendants argue again that the claim against ISPD should be dismissed as duplicative of those against the individual defendants. But, as explained above, Plaintiff is suing the individual defendants in their individual capacities, and only official-capacity suits "are deemed suits against the states themselves." *Luder v. Endicott,* 253 F.3d 1020, 1024 (7th Cir. 2001).

Defendants further argue that the individual defendants should be dismissed because Plaintiff has not alleged a causal connection between FMLA retaliation and the individual defendants. Dkt. 54 at 6. The Seventh Circuit recently recognized that the FMLA allows claims against individuals, *see Eppinger,* 682 Fed. App'x at 481, but has not clarified what level of responsibility is required for a claim to proceed against an individual. Here, the Court need not fill that gap because Plaintiff has alleged a high level of responsibility—deciding and planning her termination—with respect to some individual defendants, but virtually none with respect to others.

Plaintiff claims that Defendant Lemmon knew she was on FMLA leave, yet "requested Plaintiff's removal" and "began telling his leadership team" that she was "out." Dkt. 47 at 9–10 ¶ 45. She also alleges that after that request, Defendants Darrow and Bayse contacted the Employee Relations Department to plan the termination. Dkt. 47 at 10 ¶ 46. Then, Defendant Bayse called her

to a meeting at which Defendant Darrow told her "that they were going to remove her"—and they both "refused to discuss the details." Dkt. 47 at 10 ¶ 46. Those claims are enough at this pleading stage to avoid dismissal, because they allege decision-making and planning about Plaintiff's termination, which she alleges was based on her FMLA leave. *See* 29 U.S.C. § 2611(4)(A) (defining "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer"); *Hansen v. Cent. Mgmt. Servs.*, No. 17-cv-3256, 2018 WL 2944145, at *5 (C.D. Ill. June 12, 2018),

Plaintiff's allegations are not enough, however, against Defendants Baxter and Brown. Plaintiff alleges that "there was no way . . . [Defendants Baxter and Brown] would not have looked into the reasons she was on leave to determine the exposure to the state related to the termination of her employment." Dkt. 47 at 10–11 ¶ 48. She also alleges that these Defendants "did nothing to intervene or stop" the termination, but she admits that they recommended that she not be terminated. Dkt. 47 at 10–11 ¶ 48. These speculative claims do not allege that these Defendants had responsibility for or authority over the termination, so they are insufficient to state a claim. *See Langenbach v. Wal-Mart Stores, Inc.*, 761 F.3d 792, 800 (7th Cir. 2014); *Hansen*, 2018 WL 2944145, at *5.

Plaintiff argues for the first time in her response brief that Defendants Baxter and Brown are "decision makers responsible for terminating [her] employment" and "failed to overturn the termination of [her] employment"

during their later review. Dkt. 72 at 6. But her second amended complaint does not contain these allegations, so they cannot change the result. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011) (recognizing that plaintiffs may not amend complaints in response briefs).

Plaintiff's FMLA retaliation claim is thus dismissed as to Defendants Baxter and Brown, but will proceed against Defendants ISPD, Lemmon, Darrow, and Bayse.

## C.
## ADA and Title VII claims against individual defendants

Defendants argue that Plaintiff's ADA and Title VII claims should be dismissed against the individual defendants as outside the scope of her EEOC charge. Dkt. 54 at 7–8. In response, Plaintiff relies on an exception that applies when unnamed parties have "adequate notice of the charge" and have "been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance," *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013). Dkt. 72 at 7–8.

The Court has already addressed this issue in an order on Defendants' previous motion to dismiss. Dkt. 31 at 3–5, 9. There, the Court held that (1) the EEOC charge covered only Defendant Bayse, so the other individual defendants "must be dismissed," and (2) all individual defendants must be dismissed "because they do not meet the definition of an 'employer'" under Title VII and the ADA. Dkt. 31 at 3–4, 9 (citing *Alam*, 709 F.3d at 666; *Williams v.*

13

*Banning,* 72 F.3d 552, 555 (7th Cir. 1995); *E.E.O.C. v. AIC Sec. Investigations, Ltd,* 55 F.3d 1276, 1282 (7th Cir. 1995); *Stanek v. St. Charles Cmty. Unit Sch. Dist. No. 303,* 783 F.3d 634, 644 (7th Cir. 2015)).

That previous dismissal of these counts as to all individual defendants was a legal holding with no factual exceptions, so nothing in Plaintiff's second amended complaint can change the conclusion. See *Mendenhall v. Mueller Streamline Co.,* 419 F.3d 686, 691 (7th Cir. 2005). To the extent the second amended complaint raises ADA and Title VII claims against any individual defendants, they are again dismissed. See *id.*

### D.
### Indiana Code Title 22 claim

Defendants also moved to dismiss Plaintiff's allegation of illegal paycheck withholdings under Indiana Code Title 22, dkt. 47 at 25–26 ¶¶ 112–118. The Court recently required Plaintiff to file a jurisdictional statement because her second amended complaint did not allege subject matter jurisdiction over this claim. Dkt. 84; *Hukic v. Aurora Loan Servs.,* 588 F.3d 420, 427 (7th Cir. 2009). Plaintiff responded that the Court has federal question jurisdiction under 42 U.S.C. section 1331 and 26 U.S.C. section 164. Dkt. 85.

This claim raises only a state-law issue under Indiana Code Title 22, without citing a federal cause of action. While Plaintiff appears to argue that state paycheck withholdings may affect federal taxes under 26 U.S.C. section 164, she points to no cause of action or substantial question of federal law in that statute. See *Minor v. Prudential Securities, Inc.,* 94 F.3d 1103, 1105 (7th

Cir. 1996) ("[F]ederal question jurisdiction arises only when the complaint standing alone 'established either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"). Nor can supplemental jurisdiction apply here because this state-law claim does not share "a common nucleus of operative fact" with her federal law claims, which allege wrongful termination. Dkt. 84 at 1–2 (collecting cases). Plaintiff's wage claim based on an Indiana statute is only related to Plaintiff's federal-law claims through the "general employer-employer relationship between the parties," which "is not usually enough to establish jurisdiction." *Id.*

The Court therefore dismisses Plaintiff's Indiana Code Title 22 claim for lack of subject matter jurisdiction, "without prejudice to refiling in state court." *Kay v. Bd. of Educ. of City of Chi.*, 547 F.3d 736, 739 (7th Cir. 2008).

### E.
### Plaintiff's claims seeking punitive and emotional damages

Defendants also seek dismissal of (1) Plaintiff's Title VII claim to the extent it seeks punitive damages against a government agency, (2) Plaintiff's ADA and Rehabilitation Act claims to the extent they seek punitive damages, and (3) Plaintiff's FMLA claims to the extent they seek emotional or punitive damages. Dkt. 54 at 9–10. Plaintiff responds that she is not requesting any of those types of relief. Dkt. 72 at 9.

Based on this agreement, the Court grants Defendants' motion to dismiss on these three points.

# IV.
# Conclusion

Defendants' motion for partial dismissal for failure to state a claim, dkt. [53], is **GRANTED in part and DENIED in part**:

- Plaintiff's FMLA interference claim **IS DISMISSED** as to Defendants Baxter, Brown, Darrow, and Lemmon.

- Plaintiff's FMLA retaliation claim **IS DISMISSED** as to Defendants Baxter and Brown.

- Plaintiff's ADA and Title VII claims **ARE DISMISSED** to the extent they are against any of the individual defendants.

- Plaintiff's Indiana Code Title 22 claim **IS DISMISSED** for lack of subject matter jurisdiction.

- Plaintiff's Title VII claim **IS DISMISSED** to the extent it seeks punitive damages against a government agency; Plaintiff's ADA and Rehabilitation Act claims **ARE DISMISSED** to the extent they seek punitive damages; and Plaintiff's FMLA claims **ARE DISMISSED** to the extent they seek emotional or punitive damages.

- Defendants' motion to dismiss is otherwise **DENIED**.

Defendants **SHALL RESPOND** to the remaining claims in Plaintiff's second amended complaint **within fourteen days** of this order. Dkt. 57.

**SO ORDERED.**
Date: 3/8/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JESSICA A. GIBSON
514 Americas Way PMB 9091
Box Elder, SD 57719

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

Elizabeth Marie Littlejohn
INDIANA ATTORNEY GENERAL
elizabeth.littlejohn@atg.in.gov

Rebecca L. Loeffler
INDIANA ATTORNEY GENERAL
rebecca.loeffler@atg.in.gov