UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSICA A. GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01212-JPH-TAB |
| | ) | |
| INDIANA STATE PERSONNEL | ) | |
| DEPARTMENT, | ) | |
| JON DARROW, | ) | |
| JOHN F. BAYSE, | ) | |
| MATTHEW A. BROWN, | ) | |
| BRUCE BAXTER, | ) | |
| BRUCE LEMMON, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

Before the Court is Plaintiff Jessica Gibson's motion to compel document production and to rescind her agreement not to request documents related to this lawsuit pursuant to Indiana's Access to Public Records Act. [Filing No. 91.] In April 2017, Gibson filed her initial complaint against the Indiana State Personnel Department and five of its employees, alleging discrimination under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Rehabilitation Act, and the Family Medical Leave Act. [Filing No. 1.] Following the initial pretrial conferences, the Court set April 27, 2018, as the discovery deadline, in accordance with the parties' proposed Case Management Plan. [Filing No. 42.] On April 18, 2019—nearly a year after the close of discovery—Gibson filed a motion to compel document production. The Court denies Gibson's motion because it is untimely.

Gibson argues that her motion to compel should be permitted because she requested the documents contemplated in her motion before the close of discovery. Federal Rule of Civil

Procedure 37 provides that, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." "The Federal Rules of Civil Procedure place no time limit on the outside date for the filing of a motion to compel discovery, although motions to compel filed after the close of discovery generally are deemed untimely." *Wine & Canvas Dev. LLC v. Weisser*, No. 1:11-CV-01598-TWP, 2014 WL 585406, at *1 (S.D. Ind. Feb. 14, 2014). "District courts have broad discretion in discovery matters." *Packman v. Chi. Tribune Co.*, 267 F.3d 628, 646 (7th Cir. 2001). Motions to compel filed shortly after the close of discovery and well in advance of any dispositive motions may be allowed. *Int'l Truck & Engine Corp. v. Caterpillar, Inc.*, No. 1:03-CV-265, 2004 WL 3217760, at *4 (N.D. Ind. May 26, 2004). "[E]ven an untimely filed motion to compel may still be allowed if the party demonstrates actual and substantial prejudice resulting from the denial of discovery." *United States v. Dish Network, L.L.C.*, No. 09-CV-3073, 2012 WL 12296621, at *1 (C.D. Ill. July 20, 2012).

However, motions to compel filed well after the close of discovery are unlikely to be granted. *See Rossetto v. Pabst Brewing Co.*, 217 F.3d 539, 542 (7th Cir. 2000) (upholding denial of a motion to compel filed two months after the close of discovery with no excuse for tardiness); *Banks v. CBOCS W., Inc.*, No. 01 C 0795, 2004 U.S. Dist. LEXIS 5941, at *2 (N.D. Ill. Apr. 6, 2004) (denying a motion to compel filed two months after the close of discovery with an excuse); *Koerts v. MCI Telcoms. Corp.*, No. 95 C 1039, 1996 U.S. Dist. LEXIS 7866, at *2 (N.D. Ill. June 6, 1996) (denying a motion to compel filed one month after the close of discovery).

Gibson filed her motion to compel nearly a year after the close of discovery. Furthermore, the dispositive motion deadline was June 6, 2019, and Defendants filed their

2

summary judgement motion on that date. [Filing No. 99.] Gibson has not demonstrated that the denial of her motion to compel will result in actual and substantial prejudice, nor has she included compelling reasons for her delay in her motion. Although courts are required to be lenient with *pro se* litigants,[1] courts are not obligated to tolerate unnecessary and prolonged delay. *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) ("Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible."). Because Gibson filed the motion to compel nearly a year after the close of discovery, under the facts presented, the Court declines to allow the motion.

Gibson also seeks to rescind her agreement not to request documents related to this lawsuit through Indiana's Access to Public Records Act. In the CMP, Gibson agreed to request documents only through the discovery process and not through APRA. [Filing No. 17, at ECF p. 10.] Gibson now alleges that the information she seeks would be available to her through APRA, and that she did not understand the implications of agreeing to seek information only through discovery. [Filing No. 93, at ECF p. 2.] Although Gibson had several opportunities to raise questions or concerns about her APRA rights when she appeared in person before the Court [Filing Nos. 9, 17, 42, 78, 90], this is the first time she has raised this issue. She asks the Court to allow her to rescind her agreement and restore her rights under APRA, presumably out of well-founded concern that her untimely motion to compel will be denied. Defendants respond

---

[1] *Patterson v. Brady*, 131 F.R.D. 679, 683 (7th Cir. 1990) ("In the Seventh Circuit the district courts are required to be lenient with *pro se* litigants and to ensure that justice is done on the merits rather than on the basis of procedural technicalities wherever possible."); *De Bauche v. Harley-Davidson Motor Co. Operations*, Inc., 88 F. App'x 122 (7th Cir. 2004) (granting a *pro se* plaintiff several discovery extensions).

3

that the agreement was made to ensure that public records requests would not be used to circumvent discovery and the related deadlines, thereby unfairly prejudicing Defendants.

The Court denies Gibson's request to rescind her agreement. Rescinding the agreement would require an amendment to the CMP, and amending the CMP requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). APRA was not meant to serve as a substitute for discovery. *Appleton Papers Inc. v E.P.A.*, 702 F.3d 1018, 1027 (7th Cir. 2012). By seeking documents from Defendants through APRA nearly a year after the close of discovery, Gibson is attempting to use APRA to circumvent discovery, which the Court will not allow under these circumstances.

For these reasons, the Court denies Plaintiff's motion [Filing No. 91] to compel document production and rescind her agreement not to request documents related to this lawsuit from Defendants pursuant to Indiana's Access to Public Records Act.

Date: 6/7/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

JESSICA A. GIBSON
514 Americas Way PMB 9091
Box Elder, SD 57719

David C. Dickmeyer
INDIANA ATTORNEY GENERAL
David.Dickmeyer@atg.in.gov

4

Elizabeth Marie Littlejohn
INDIANA ATTORNEY GENERAL
elizabeth.littlejohn@atg.in.gov

Rebecca L. Loeffler
INDIANA ATTORNEY GENERAL
rebecca.loeffler@atg.in.gov