UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JESSICA A. GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-01212-JPH-TAB |
| | ) | |
| INDIANA STATE PERSONNEL | ) | |
| DEPARTMENT, | ) | |
| JON DARROW | ) | |
| a/k/a DENNY, | ) | |
| JOHN F. BAYSE, | ) | |
| MATTHEW A. BROWN, | ) | |
| BRUCE BAXTER, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING RECONSIDERATION AND GRANTING SUMMARY
JUDGMENT UNDER FED. R. CIV. P. 56(f)**

After Jessica Gibson's employment with the Indiana State Personnel

Department ("ISPD") was terminated, she brought this lawsuit *pro se* alleging

violations of the Family Medical Leave Act ("FMLA"), the Americans with

Disabilities Act ("ADA"), 42 U.S.C. § 1983, and Title VII.  In April 2020, the

Court granted Defendants summary judgment on most of Ms. Gibson's claims

and gave notice of its intent to grant Defendants summary judgment under

Federal Rule of Civil Procedure 56(f) on her § 1983 equal-protection and

deprivation-of-liberty claims.  Dkt. 121.  Ms. Gibson has moved for

reconsideration of summary judgment for Defendants, dkt. 126, and responded

to the Rule 56(f) notice, dkt. 127.  For the reasons below, Ms. Gibson's motion

for reconsideration is **DENIED**, dkt. [126], and Defendants are **GRANTED**

1

summary judgment on the § 1983 equal-protection and deprivation-of-liberty claims.

## I.
## Facts and Background

The facts below are repeated from the prior summary judgment order. Dkt. 121.

ISPD hired Ms. Gibson in February 2015 to be the Director of Human Resources for the Indiana Department of Correction.  Dkt. 100-1 at 7 (Gibson Dep. at 57).  A year later, in February 2016, Ms. Gibson told Mr. Bayse—ISPD's Deputy Director of Field Operations—that she was stressed and depressed because of challenges related to being a foster parent.  *Id.* at 19–20 (Gibson Dep. at 84–85).  She also told him that she didn't feel well and requested time off.  *Id.*  Mr. Bayse understood, but replied that it wasn't a good time for her to take time off.  *Id.*  Around that time, she also told Mr. Bayse that her parents had moved into her home because of her stepfather's health.  *Id.* at 23 (Gibson Dep. at 88).

The next month, Ms. Gibson again told Mr. Bayse that she needed time off because she was depressed and stressed.  *Id.* at 36–37 (Gibson Dep. at 101–02).  He replied that it wasn't a good time, but she could have the time off in a couple weeks.  *Id.* at 38–39 (Gibson Dep. at 103–04).  When she told him that she couldn't keep waiting, he offered time off four to six weeks after new employees had been in their positions.  *Id.*

At the end of March 2016, Mr. Bayse told Ms. Gibson that Department of Correction leadership had decided that she "wasn't DOC enough." *Id.* at 40–41 (Gibson Dep. at 105–06). She responded that she "wasn't doing well" and not long after asked him about the possibility of switching agencies. *Id.* at 43, 56 (Gibson Dep. at 108, 126).

During March and April 2016, Ms. Gibson met several times with Valerie Caldwell, an African-American employee at the Indiana Women's Prison. *Id.* at 94–95 (Gibson Dep. at 169–70); dkt. 100-3 at 2. At one of their last meetings, Ms. Gibson asked Ms. Caldwell if she thought that people at the prison thought that she carried herself "like the HNIC." *Id.* at 96, 103 (Gibson Dep. at 171, 179). Ms. Caldwell asked what "HNIC" meant, and Ms. Gibson responded "head nigger in charge." *Id.* at 102–03 (Gibson Dep. at 178–79).

Then, on April 18, 2016, Ms. Gibson told Mr. Bayse that she would be taking Family Medical Leave Act time off. *Id.* at 72 (Gibson Dep. at 147). Mr. Bayse sighed and asked when it was supposed to start, and Ms. Gibson replied that it would start immediately. *Id.* While she was on leave, Mr. Bayse learned that Ms. Gibson had used the term "HNIC" in a conversation with Ms. Caldwell. Dkt. 100-3 at 2. He also heard from one of Ms. Gibson's employees that she was a difficult boss, came across as a bully, and had overly harsh expectations. *Id.* When Ms. Gibson returned from FMLA leave on May 23, 2016, ISPD terminated her employment. Dkt. 100-1 at 81–82 (Gibson Dep. at 156–57).

Ms. Gibson brought this lawsuit raising claims under the FMLA, the ADA, 42 U.S.C. § 1983, Title VII, and Indiana Code Title 22. Dkt. 47.

3

Defendants filed a motion for partial dismissal of the second amended complaint, dkt. 53, which the Court granted in part and denied in part, dismissing the Indiana Code Title 22 claims and some of the other claims as to some defendants, dkt. 86.  Defendants moved for summary judgment, dkt. 99, which the Court granted on Ms. Gibson's FMLA retaliation claim, ADA failure-to-accommodate and disparate-treatment claims, § 1983 deprivation-of-property claim, and Title VII termination-on-the-basis-of-sex and hostile-work-environment claims, dkt. 121.  The Court denied Defendants' motion for summary judgment on the FMLA interference claim.  *See id.* at 23.  The Court also denied Ms. Gibson's motion for summary judgment on her § 1983 deprivation-of-liberty and equal-protection claims, but provided notice of its intent to enter summary judgment for Defendants on these claims under Federal Rule of Civil Procedure 56(f).  *See id.* at 23.

Ms. Gibson has moved for reconsideration of summary judgment for Defendants, dkt. 126, and responded to the Rule 56(f) notice, dkt. 127.

## II.
## Applicable Law

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."  *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).  "Reconsideration is not an appropriate forum for rehashing previously rejected arguments" or for introducing evidence or arguments "that could have been heard during the pendency of the previous motion."  *Id.*

4

"After giving notice and a reasonable time to respond," a court may "grant summary judgment for a nonmovant."  Fed. R. Civ. P. 56(f).  When a court "entertains the possibility of summary judgment" under Rule 56(f), it must provide "the chance to marshal evidence and argument in opposition to summary judgment."  *Hotel 71 Mezz Lender LLC v. Nat'l Retirement Fund*, 778 F.3d 593, 603 (7th Cir. 2015).

### III.
### Analysis

#### A. Ms. Gibson's motion for reconsideration

Ms. Gibson has moved for reconsideration of summary judgment on her FMLA retaliation, ADA[1] failure-to-accommodate, and ADA disparate-treatment claims.  Dkt. 126.  The Court granted Defendants summary judgment on the FMLA retaliation and ADA disparate-treatment claims because the designated evidence did not allow a reasonable jury to find that she suffered adverse actions because of her FMLA leave or because of her disability.  Dkt. 121 at 8–9, 14–15.  And the Court granted Defendants summary judgment on the ADA failure-to-accommodate claim because the designated evidence did not allow a reasonable jury to find that ISPD was responsible for any failure to accommodate.  *Id.* at 12–13.  Ms. Gibson argues that those rulings should be reconsidered because she inadvertently misunderstood the summary judgment process and would have designated evidence to contest Defendants' evidence if

---

[1] Ms. Gibson raises these claims under the ADA and Rehabilitation Act.  ADA and Rehabilitation Act claims are "materially identical," so the Court considers them together.  *A.H. v. Ill. High Sch. Assn*, 881 F.3d 587, 592 (7th Cir. 2018); *see* dkt. 121 at 11.

she had understood it was required.  *See* dkt. 126; dkt. 134.  Defendants

respond that Ms. Gibson cannot relitigate her claims in a motion to reconsider.

Dkt. 129.

Ms. Gibson does not argue that her motion meets the "limited function"

of a motion for reconsideration: "to correct manifest errors of law or fact or to

present newly discovered evidence."  *Caisse Nationale*, 90 F.3d at 1269; *see*

dkt. 126 at 4 ("Plaintiff understands that the Court is under no obligation to

reconsider its ruling . . . ."); dkt. 134.  Instead, she asks the Court to consider

evidence that she could have designated before.  *See* dkt. 126 at 2–3

(referencing Ms. Gibson's Civil Service Complaint, Second Amended Complaint,

and deposition); dkt. 134.  Reconsideration, however, "is not an appropriate

forum" for introducing evidence "that could have been heard during the

pendency of the previous motion."  *Caisse Nationale*, 90 F.3d at 1269; *see Oto*

*v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may

not use a motion for reconsideration to introduce new evidence that could have

been presented earlier.").

Moreover, Ms. Gibson received the "Notice Regarding Right to Respond

and to Submit Evidence in Opposition to Motion for Summary Judgment"

required by Local Rule 56-1(k).  Dkt. 102.  That notice informed her that

Defendants' statement of facts "will be accepted . . . as being true unless you

submit your own affidavits or other admissible evidence."  *Id.* at 1.  And it

instructed that her response "must also comply with all other portions of [the

attached] Federal Rule of Civil Procedure 56."  *Id.* at 1–2.  Under Rule 56, Ms.

6

Gibson was not required to resubmit copies of evidence already in the record, but "must support [her factual assertions] by citing *to particular parts* of materials in the record." Fed. R. Civ. P. 56(c) (emphasis added). "Citations to an entire transcript of a deposition or to a lengthy exhibit are not specific and are, accordingly, inappropriate." *Ammons v. Aramark Uniform Servs.*, 368 F.3d 809, 817–18 (7th Cir. 2004). Because Ms. Gibson was informed of Rule 56 but did not follow it initially, she "may not use a motion for reconsideration" to do so now. *Oto*, 224 F.3d at 606.

Finally, Ms. Gibson notes that she "passionately believes that to allow [the summary judgment] ruling to stand without appropriate consideration of all the available facts of the case would simply be unjust and would stand afoul of the integrity of the judicial system itself." Dkt. 134 at 2. But, as explained, Ms. Gibson was informed of the governing rules and had the opportunity to provide specific citations to any designated evidence in her summary judgment response. *See* dkt. 102. Therefore, the rules should not be set aside here. *See* Fed. R. Civ. P. 1 (The rules "should be . . . employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceedings."). "The Supreme Court has denied having ever 'suggested that procedural rules in ordinary civil litigation be interpreted so as to excuse mistakes by those who proceed without counsel,' for 'in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration

of the law.'"  *Robinson v. Sweeny*, 794 F.3d 782, 784 (7th Cir. 2015) (quoting

*McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Ms. Gibson's motion for reconsideration is therefore denied.  Dkt. [126].

## B. Rule 56(f) summary judgment

### 1. Deprivation of liberty

Ms. Gibson moved for summary judgment on her occupational-liberty

claim.  Dkt. 118 at 5.  That claim "may arise when, after an adverse

employment action, a public employer stigmatizes the employee by making

public comments impugning his good name, honor, or reputation or imposes a

stigma that forecloses other employment opportunities."  Dkt. 121 at 18

(quoting *Palka v. Shelton*, 623 F.3d 447, 454 (7th Cir. 2010)).  The Court denied

her motion and gave notice of its intent to enter summary judgment for

Defendants under Federal Rule of Civil Procedure 56(f) because the designated

evidence did not show the dissemination of stigmatizing comments to the

public.  *Id.* at 18.  Ms. Gibson responds that Defendants made public claims

when they reported to the Department of Workforce Development and to the

EEOC that she had used a racial epithet.  Dkt. 127 at 6–7.   Defendants argue

that they are entitled to summary judgment because those comments were not

public.  Dkt. 128 at 2.

The "public-disclosure element requires that the defendant actually

disseminate the stigmatizing comments in a way that would reach potential

future employers or the community at large."  *Palka v. Shelton*, 623 F.3d 447,

454 (7th Cir. 2010).  In *Palka*, the plaintiff—a sheriff's deputy—alleged that

he'd been falsely accused of criminal conduct and denied a retirement badge and firearm credential. *Id.* He argued that this violated an occupational-liberty interest because the allegations were relayed to the State's Attorney's Office. *Id.* The Seventh Circuit disagreed because there was no dissemination that "would reach potential future employers or the community at large." *Id.*

Here too, the designated evidence does not support that element. That evidence shows disclosure only to the Department of Workforce Development in connection with Ms. Gibson's unemployment claim, dkt. 127-1, and to the EEOC in responding to Ms. Gibson's charge of discrimination, dkt. 135-1 at 7. Ms. Gibson has not designated evidence that the Department of Workforce Development or EEOC can share those allegations, or that those disclosures "reached potential future employers." *See Palka*, 623 F.3d at 454. The disclosures are therefore like the defendant in *Palka* sharing allegations of criminal activity with the State's Attorney's Office—a disclosure that did "not make a difference." *Id.* ("The State's Attorney's Office has an obligation of confidentiality, and there is no allegation that [the] complaint reached potential future employers."). Moreover, disclosure of allegations in "judicial or similar proceedings, which were initiated by the plaintiff after her termination, do not infringe on her liberty interest." *Ratliff v. City of Milwaukee*, 795 F.2d 612, 627 (7th Cir. 1986). Ms. Gibson therefore has not shown that Defendants shared stigmatizing comments about her "in a way that would reach potential employers or the community at large." 623 F.3d at 454.

Defendants are therefore entitled to summary judgment on Ms. Gibson's deprivation-of-liberty claim.

### 2. Equal protection

Ms. Gibson also moved for summary judgment on her equal-protection claim, which alleged that she was treated differently than a non-disabled coworker.  Dkt. 118 at 5; dkt. 47 at 21–22.  The Court denied that motion and gave notice of its intent to enter summary judgment for Defendants under Rule 56(f) because Ms. Gibson had not designated evidence of discrimination based on her disability.  Dkt. 121 at 18–19.  Ms. Gibson responds that discrimination can be inferred because a nondisabled colleague was treated better.  Dkt. 127 at 7–8.  Defendants argue that she "again fails to designate any evidence to demonstrate that she was meeting [ISPD's] expectations, or that a similarly situated non-disabled person was treated more favorably."  Dkt. 128 at 3.

Mr. Gibson designates no evidence to support her equal-protection claim.  Dkt. 127 at 7–8 (citing no exhibits in the "equal protection" argument); dkt. 135 at 8–11 (providing no specific citations to designated evidence); *see* Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion . . . by citing to particular parts of materials in the record . . . .").  While she refers to her second amended complaint, civil service complaint, and deposition, she admits that she "has not provided the Court with anything other than her affidavit to the facts related to her equal protection claim."  Dkt. 135 at 9–10.  She alleges that this affidavit "was

remitted to the Court along with [her] original motion,"[2] but she does not specify any exhibit, designate a specific portion of any exhibit, or explain the contents of any exhibit.  *Id.*; *see Ammons*, 368 F.3d at 817–18 ("Citations to an entire transcript of a deposition or to a lengthy exhibit are not specific and are, accordingly, inappropriate.").

Ms. Gibson therefore has not contested Defendants' designated evidence "that [her] employment was terminated because of work performance and her use of 'HNIC'—not because of a disability."  Dkt. 121 at 19.  Defendants are entitled to summary judgment on Ms. Gibson's equal-protection claim.

**IV.**
**Conclusion**

Ms. Gibson's motion for reconsideration is **DENIED**, dkt. [126], and Defendants are **GRANTED** summary judgment on Ms. Gibson's § 1983 deprivation-of-liberty and equal-protection claims, Fed. R. Civ. P. 56(f).  Ms. Gibson's only remaining claim is FMLA interference against ISPD.  *See* dkt. 121 at 23.  Defendants Darrow, Bayse, Baxter, and Brown **are DISMISSED**; the **clerk shall update** the docket accordingly.

If Ms. Gibson would like the Court to attempt to recruit counsel to represent her for potential settlement and for trial, she may file a motion for recruitment of counsel **by February 16, 2021**.  The **clerk shall include** a form motion for recruitment of counsel with Ms. Gibson's copy of this order.  The Court will schedule this case for trial in due course.

---

[2] Ms. Gibson's summary judgment filings do not appear to include a sworn affidavit from her.  *See* dkt. 110; dkt. 111; dkt. 118.

**SO ORDERED.**

Date: 1/15/2021

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JESSICA A. GIBSON
3442 Hillside Ave
Gulf Breeze, FL 32563

Marley Genele Hancock
INDIANA ATTORNEY GENERAL
marley.hancock@atg.in.gov

Cameron S. Huffman
INDIANA ATTORNEY GENERAL
cameron.huffman@atg.in.gov